## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

LUCAS DANTE CHRISTON,       )
                                   )
           Plaintiff,        )
                                   )
v.                              )      Case No. CIV-26-00281-JD
                                   )
LPD CITY JAIL, et al.,       )
                                   )
         Defendants.    )

## ORDER

Before the Court is United States Magistrate Judge Shon T. Erwin's Report and Recommendation ("R. & R.") [Doc. No. 15] issued on May 28, 2026. Judge Erwin's R. & R. was issued pursuant to Judge Erwin's referral from the undersigned judge under the authority in 28 U.S.C. § 636(b)(1)(B) and (C). [*See* Doc. No. 4].

Judge Erwin recommends that the Court dismiss with prejudice Plaintiff's claims against the Comanche County Detention Center (i.e., LPD City Jail)[1] and dismiss without prejudice Plaintiff's claims against the three unnamed John Doe Defendants for failure to state a claim upon which relief may be granted. R & R. at 7. Judge Erwin advised Plaintiff of his right to file an objection to the R. & R. with the Clerk of Court by June 15, 2026, and explained that failure to timely object waives the right to appellate review of both factual and legal issues contained in the R. & R. [*Id.* (citing 28 U.S.C. § 636(b)(1),

---

[1] Plaintiff refers to the "LPD City Jail" but clarifies that he is "in the County Jail Comanche County Detention Center." [Doc. No. 1 at 2–3].

Fed. R. Civ. P. 72(b)(2), and *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010))].

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, a party waives its right to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions."). The following two exceptions to the waiver rule exist: "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quoting *Moore*, 950 F.2d at 659). The Tenth Circuit has considered various factors to determine whether the interests of justice require review, which include "a *pro se* litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." *Id.* at 1120.

Plaintiff failed to file a timely objection to the R. & R. by the deadline of June 15, 2026, and therefore waived his right to challenge the recommended disposition.[2] "The waiver rule as a procedural bar need not be applied when the interests of justice so dictate." *Moore*, 950 F.2d at 659. However, considering the factors, the interests of justice do not warrant an exception to the waiver rule in this case. *See Morales-Fernandez*, 418 F.3d at 1120. The Court thus adopts the R. & R. Alternatively, even under a de novo review of the record and applicable law, the Court concludes that dismissal is proper for the reasons given by the R. & R.

Accordingly, the Court **ACCEPTS** the Report and Recommendation [Doc. No. 15] and **DISMISSES** Plaintiff's claims against the Comanche County Detention Center or LPD City Jail with prejudice and **DISMISSES** Plaintiff's claims against the three unnamed John Doe Defendants without prejudice. Additionally, the Court **DENIES AS MOOT** Plaintiff's Motion for Video Surveillance [Doc. No. 12]. A separate judgment will follow.

IT IS SO ORDERED this 22nd day of June 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[2] The docket reflects that the Clerk initially mailed the R. & R. to Plaintiff on May 28, 2026, and that mailing was subsequently returned as undeliverable. [Doc. Nos. 16, 17]. On June 1, 2026, the Clerk remailed the R. & R. to Plaintiff's corrected address. The June 1 mailing has not been returned to the Court.